## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CLAUDE BARNES, | ) |
|                     Plaintiff, | ) Case No. 8:23-cv-495 |
| v. | ) |
| TRANSPORTATION ALLIANCE BANK, d/b/a MISSION LANE, LLC, | ) |
|                     Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, CLAUDE BARNES, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the defendant, TRANSPORTATION ALLIANCE BANK, d/b/a MISSION LANE, LLC, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the ECOA, 15 U.S.C. §1691e(f) and pursuant to 28 U.S.C. §§1331, 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CLAUDE BARNES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Riverview, County of Hillsborough, State of Florida.

5. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

6. TRANSPORTATION ALLIANCE BANK, d/b/a MISSION LANE, LLC, (hereinafter, "Defendant") is a financial institution that provides financing and loans for consumers. Defendant has its principal place of business in Utah and is incorporated in the state of Florida.

7. At all relevant times, Defendant acted as a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

### IV. ALLEGATIONS

8. On July 24, 2022, Plaintiff applied for a credit card with Defendant.

9. As a part of the application process, Defendant required Plaintiff to authorize a review of his consumer report as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

10. On July 24, 2022, as part of its customary practice and course of business in reviewing a consumer's application for a loan, Defendant purchased a consumer report regarding Plaintiff from one or more consumer reporting agencies as that term is defined by the FCRA, 15 U.S.C. §1681a(f).

11. On or about July 24, 2022, Defendant informed Plaintiff that his credit card application was denied citing the reason for the denial as "income insufficient for amount of credit requested."

12. To the best of his recollection, information, and belief, at no time during the course of his application for a credit card with Defendant did Plaintiff provide Defendant with his income.

13. At no time during the course of his application for a credit card with Defendant did Plaintiff request a specific amount of credit.

14. Pursuant to section 1691(a) of ECOA:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—
>
> (1) on the basis of race, color, religion, national origin, sex or marital status, or age
> (2) because all or part of the applicant's income derives from any public assistance program

15 U.S.C. § 1691(a)(3).

15. Defendant's denial of Plaintiff's application because of "income insufficient for the amount of credit requested," is ostensibly a pretext for discrimination on the basis of race.

17. The consumer report relied upon by Defendant did not contain Plaintiff's income information.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

20. As a result of Defendant's violations as aforesaid, Plaintiff is left without the true reasons for why he does not qualify for any credit with Defendant.

21. As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs.

## V. JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CLAUDE BARNES, by and through his attorneys, respectfully prays for judgment as follows:

A. Awarding Plaintiff all actual, compensatory, and punitive damages;

B. Awarding Plaintiff reasonable attorneys' fees and costs of this action;

Respectfully submitted,
**CLAUDE BARNES**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: March 6, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota FL 34240
Telephone:  (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:     dmarco@smithmarco.com